## ST. LOUIS CARRIAGE COMPANY, INC., Plaintiff–Respondent,

v.

## Gregory STREETER, Defendant–Appellant.

### No. 58771.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 8, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for defendant-appellant.

Michael P. Gunn, Ballwin, for plaintiff-respondent.

PER CURIAM.

Defendant, Gregory Streeter, appeals from the judgment, in a court-tried case, enforcing a settlement agreement between him and plaintiff, St. Louis Carriage Company, Inc.  We affirm.

In 1986, Michael Stokes (Stokes), his wife, Patricia Wendling (Wendling), and Daniel Devereaux (Devereaux) entered into an agreement with Gregory Streeter (Streeter) to operate a business which offered horse-drawn carriages for hire under the name of St. Louis Carriage Company, Inc. (Carriage Co.).  Streeter, Stokes, Wendling, and Devereaux were the shareholders, officers, and members of the board of directors of Carriage Co.  In addition, Stokes was the attorney for the company and Streeter was in charge of its day-to-day operation.

Within two years, the business relationship between Stokes and Streeter had deteriorated, with the result that several legal actions were filed both by Stokes on behalf of Carriage Co. and by Streeter.  Counsel for both parties engaged in on-going negotiations to settle the pending litigation between the parties and to effectuate the dissolution of their business relationship.

On July 8, 1988, Carriage Co. and Streeter simultaneously filed motions to enforce a settlement.  Attached to Carriage Co.'s motion was a written, but unsigned, settlement agreement and also letters from counsel for both parties expressing their

respective client's acceptance of the terms of the settlement.

On August 10, 1988, Streeter's counsel filed an amended motion to enforce settlement. Stokes, Wendling, Devereaux and Carriage Co. confessed that motion. Subsequently, new counsel hired by Streeter filed a motion to set aside the confession of Streeter's amended motion. After an evidentiary hearing, the trial court made extensive findings of facts and conclusions of law and entered judgment holding that there was an enforceable settlement agreement between the parties and ordering the parties to comply with the terms of the agreement.

On appeal, Streeter raises numerous claims of error relating to the judgment of the trial court and provides this court with a brief of some length discussing the alleged errors. Streeter's points on appeal can be distilled into one salient issue: whether there was an enforceable settlement agreement between the parties. Our review of the judgment in a court-tried case is guided by the principles enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Here, Streeter's amended motion sought enforcement of the settlement which resolved the various disputes which had arisen between the parties as a result of their owning and operating the horse-drawn carriage business. The opposing parties confessed Streeter's motion by tendering full performance in accordance with the terms of that motion. When the trial court determined that there was an enforceable settlement agreement, the court gave Streeter exactly what he had sought in his amended motion.

We have reviewed Streeter's specific points and subpoints on appeal in which he raises numerous grounds challenging the trial court's enforcement of the settlement agreement. Streeter's allegations of error target the trial court's determinations of fact which were decided adversely to him. As the trier of fact, the trial court resolved all factual issues and we will not disturb those findings as long as there is substan-

tial evidence to support them. We find that his claims of error are patently without merit. There was substantial evidence in the record to support the trial court's judgment enforcing the settlement agreement between the parties. No error of law appears. An extended opinion would have no precedential value.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).[1]

1. Streeter's motion to strike Stokes' brief is denied.